UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY R. BELL,

                            Plaintiff,

          -v-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; NEW YORK STATE
CORRECTIONAL OFFICERS AND POLICE
BENEVOLENT ASSOCIATION INC.; ANTHONY
ANNUCCI; MIKE POWERS; GREG
FREDERICKS; JIM BLEU; TERRY PIKE; KEVIN
ALDOUS; MICHAEL CALDWELL; CALVIN
RABSATT; BRIAN MCAULIFFE; MIKE SOVIE;
MICHELE O'GORMAN; JAMES BELL; SCOTT
CLARY; STEVE GARABRANDT; TONY
HARPER; CARL HEWKO; TOM PATNODE; and
PATRICK GRAY,

                            Defendants.

No. 1:17-CV-937
(DNH/CFH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

RANDY R. BELL
Plaintiff pro se
5668 Eloise Cr.
P.O. Box 584
Osgoode, Ontario K0A 2W0

HON. BARABARA UNDERWOOD
Attorney General for the State of New York
Attorney for Defendants
The Capitol
Albany, NY 12224

HELENA O. PEDERSON, ESQ.
Ass't Attorney General

LIPPES MATHIAS WEXLER FRIEDMAN LLP
Attorneys for Defendants
54 State Street, Suite 1001
Albany, NY 12207

THOMAS D. LATIN, ESQ.

DAVID N. HURD
United States District Judge

# **DECISION and ORDER**

Pro se plaintiff Randy R. Bell filed this civil action on August 24, 2017, alleging various federal and state claims related to the alleged "unfair distribution of overtime" assignments by his employer, Riverview Correctional Facility ("Riverview"). He brings suit against various New York State corrections officers, supervisors, administrators, and union members.

There are currently seven motions pending in this case; plaintiff's letter motion and two motions for a preliminary injunction will be addressed in this Decision and Order. The remaining motions to dismiss and cross-motion to amend will be addressed in a separate Memorandum-Decision and Order.

Soon after the filing of his civil complaint, plaintiff filed a letter explaining that documents at Riverview which he intended to use at his trial were set to be destroyed and sought help from the court in stopping the destruction of the documents. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999). "[A] district court may impose sanctions for spoliation, exercising its inherent power to control litigation." Id. At this time, any ruling on the alleged destruction of documents would be premature. Defendants are well aware of their discovery obligations and are reminded to comply with discovery and disclosure requests. Should it be appropriate at a later time, plaintiff may request an adverse

inference jury instruction regarding any allegedly destroyed or missing documents. Accordingly, Bell's request will be denied at this time.

Plaintiff next moved for an "exparte injunction" restraining the New York State Department of Corrections and Community Supervision and all of its management and officers at Riverview to "stop harassing and retaliating against" him, pending trial of this action. He further sought reinstatement into his position at Riverview.

Plaintiff later moved for an "order to show cause for temporary restraining order and preliminary injunction." He sought to enjoin defendants from: (1) suspending, "locking out," or firing plaintiff with or without pay from his position at Riverview; and (2) harassing, retaliating against, suppressing, and intimidating witnesses, plaintiff, and any retired or current employees of Riverview. He again sought reinstatement into his position at Riverview.

To obtain a preliminary injunction, the movant must show: (1) irreparable harm; and (2) either a likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits of the claim; and (3) a balance of hardships tipping decidedly in favor of the moving party. See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). "A preliminary injunction is an extraordinary remedy that should not be granted except upon a clear showing that there is a likelihood of success and irreparable injury." Diversified Mortgage Inc. v. U.S. Life Ins. Co., 544 F.2d 571, 576 (2d Cir. 1976). Injunctive relief should be granted "only on the basis of showing that the alleged threats of irreparable harm are not remote or speculative but are actual and imminent." State of New York v. Nuclear Regulatory Com., 550 F.2d 745, 755 (2d Cir. 1977). Furthermore, where, as here, the moving party seeks a mandatory injunction that

alters the status quo by commanding a positive act, the moving party must meet the more rigorous standard of demonstrating a "clear" or "substantial" likelihood of success on the merits. See Almontaser v. New York City Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008).

After considering all of the submissions and the applicable law, plaintiff's requests for preliminary injunctive relief will be denied. He has failed to demonstrate that injunctive relief is necessary; significantly, he has not established that he will suffer irrepararable harm absent such relief. Instead, in his complaint, plaintiff seeks both injunctive relief and monetary damages (e.g., compensation for lost sick time; loss of overtime income; loss of future retirement income; punitive damages for pain, suffering, stress and mental anguish). In the instant motions for preliminary injunctions, plaintiff seeks reinstatement to his previous position at Riverview. Because the relief plaintiff seeks in his complaint would adequately compensate him for any damages he may now be suffering as a result of defendants' actions, and he can be adequately compensated by monetary damages and other post-litigation relief, he cannot establish irreparable harm as required for the issuance of a preliminary injunction. Accordingly, Bell's requests for preliminary injunctive relief will be denied.

Therefore, it is

ORDERED that

1. Plaintiff's letter motion, ECF No. 7, seeking assistance to stop the destruction of evidence in his case is DENIED;

2. Plaintiff's motion for a preliminary injunction, ECF No. 25, is DENIED; and

3. Plaintiff's motion for an order to show cause for a temporary restraining order and preliminary injunction, ECF No. 51, is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 28, 2018
      Utica, New York.