UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY R. BELL,

                              Plaintiff,

                                              No. 1:17-CV-937

            -v-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; NEW YORK STATE
CORRECTIONAL OFFICERS AND POLICE
BENEVOLENT ASSOCIATION INC.; ANTHONY
ANNUCCI; MIKE POWERS; GREG
FREDERICKS; JIM BLEU; TERRY PIKE; KEVIN
ALDOUS; MICHAEL CALDWELL; CALVIN
RABSATT; BRIAN MCAULIFFE; MIKE SOVIE;
MICHELE O'GORMAN; JAMES BELL; SCOTT
CLARY; STEVE GARABRANDT; TONY
HARPER; CARL HEWKO; TOM PATNODE; and
PATRICK GRAY,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

RANDY R. BELL
Plaintiff pro se
5668 Eloise Cr.
P.O. Box 584
Osgoode, Ontario K0A 2W0

HON. LETITIA JAMES                       HELENA O. PEDERSON, ESQ.
Attorney General for the State of New York   Ass't Attorney General
Attorney for State Defendants
The Capitol
Albany, NY 12224

LIPPES MATHIAS WEXLER FRIEDMAN LLP       THOMAS D. LATIN, ESQ.
Attorney for NYSCOPBA Defendants
54 State St., Suite 1001
Albany, NY 12207

DAVID N. HURD
United States District Judge


**MEMORANDUM-DECISION and ORDER**

## I. INTRODUCTION

Pro se plaintiff Randy R. Bell ("plaintiff" or "Bell") filed this civil action on August 24, 2017, alleging various federal and state claims related to the alleged unfair distribution of overtime assignments by his employer, Riverview Correctional Facility ("RCF").  He brings suit against various entities, New York State correctional officers, supervisors, and administrators, and union members.  In total, the complaint includes twelve causes of action against twenty defendants.

Defendants include:  New York State Department of Corrections and Community Supervision ("DOCCS"), individually as a state agency, in its official capacity and as a co-conspirator; New York State Correctional Officers and Police Benevolent Association Inc. ("NYSCOPBA"), individually, in its official capacity and as a co-conspirator; Anthony Annucci ("Annucci"), individually, in his official capacity and as a co-conspirator, Acting Commissioner of the New York State Corrections and Community Supervision; Mike Powers ("Powers"), individually, in his official capacity and as a co-conspirator, Former RCF Corrections Sergeant and present NYSCOPBA Executive President; Greg Fredericks ("Fredericks"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and local NYSCOPBA Union President (retired); Jim Bleu ("Bleu"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and local NYSCOPBA Union President (resigned); Terry Pike ("Pike"), individually, in his official capacity and as a co-conspirator,

RCF Corrections Officer and local NYSCOPBA Union President (resigned); Kevin Aldous ("Aldous"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and local NYSCOPBA Union President (current); Michael Caldwell ("Caldwell"), individually, in his official capacity and as a co-conspirator, RCF Deputy Superintendent of Security; Calvin Rabsatt ("Rabsatt"), individually, in his official capacity and as a co-conspirator, Superintendent of RCF (retired); Brian McAuliffe ("McAuliffe"), individually, in his official capacity and as a co-conspirator, current Superintendent of RCF; Mike Sovie ("Sovie"), individually, in his official capacity and as a co-conspirator, RCF Corrections Sergeant and NYSCOPBA union member; Michele O'Gorman ("O'Gorman"), individually, in her[1] official capacity and as a co-conspirator, New York State Labor Relations Deputy Director; James Bell ("J. Bell"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and local NYSCOPBA union representative; Scott Clary ("Clary"), individually, in his official capacity and as a co-conspirator, Former RCF Corrections Sergeant and current Corrections Lieutenant; Steve Garabrandt ("Garabrandt"), individually, in his official capacity and as a co-conspirator, RCF Corrections Sergeant and local NYSCOPBA union representative for the Sergeants; Tony Harper ("Harper"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and NYSCOPBA union member; Carl Hewko ("Hewko"), individually, in his official capacity and as a co-conspirator, RCF Corrections Officer and NYSCOPBA union member; Tom Patnode ("Patnode"), individually, in his official capacity and as a co-conspirator, RCF Corrections Sergeant and NYSCOPBA union member; and Patrick Gray ("Gray"), individually, in his official capacity

---

[1]  The docket indicates "his" but Michele O'Gorman is a woman.

and as a co-conspirator, RCF Corrections Officer and NYSCOPBA union member (collectively "defendants").

Defendants can be grouped into two sets:  (1) the "NYSCOPBA defendants," represented by Thomas D. Latin, Esq. of Lippes Mathias Wexler Friedman LLP, and (2) the "State defendants," represented by Helena O. Pederson, Esq. of the New York State Attorney General's Office.  The NYSCOPBA defendants include:  NYSCOPBA, Powers, Fredericks, Bleu, Pike, Aldous, Harper, and Hewko.  The State defendants include:  DOCCS, Annucci, Caldwell, Rabsatt, McAuliffe, Sovie, O'Gorman, J. Bell[2], Clary, Garabrandt, Patnode, and Gray.

The NYSCOPBA defendants collectively moved[3] under Federal Rule of Civil Procedure ("Rule") 12(b)(1) & (6) seeking to dismiss plaintiff's complaint in its entirety for failure to state any claims upon which relief could be granted.  Thereafter, the State defendants collectively moved under Rule 12(b)(1) & (6) seeking to dismiss plaintiff's complaint in its entirety for failure to state any claims upon which relief could be granted.  While the two motions are not identical, there are many consistent arguments throughout both motions.  Plaintiff opposed both motions and separately moved to amend his complaint.  Both sets of defendants opposed plaintiff's motion to amend.  All three motions have been fully briefed and have been considered on the basis of the submissions without oral argument.

---

[2]  Both attorneys have appeared on behalf of J. Bell.  Attorney Pederson has since clarified that this defendant will be represented by the Attorney General's office to the extent the allegations against him in the complaint relate to his duties as an employee of DOCCS, as opposed to his role as a union member or representative.

[3]  This motion was originally made only on behalf of defendants NYSCOPBA and Powers, but was later amended to include defendants Fredericks, Bleu, Pike, Aldous, Harper, and Hewko.  ECF No. 43.

## II. **BACKGROUND**[4]

At all relevant times, plaintiff was a correctional officer employed by DOCCS, at RCF. He is a member of NYSCOPBA, which is the certified bargaining representative for the Security Services Unity of New York State employees, which includes all correctional officers and correctional sergeants employed by DOCCS.

NYSCOPBA and the State of New York entered into a Collective Bargaining Agreement ("CBA").  Bell details in his pleadings the relevant CBA voluntary overtime provisions.  He was not satisfied with the system by which overtime was assigned at RCF and wanted DOCCS and NYSCOPBA to enter into a labor management agreement creating a new method of assigning voluntary overtime.  Bell asserts that in 2013, he proposed an overtime assignment scheme to be used at RCF.  Instead, RCF management, union representatives, and "corrupt officers" prevented the overtime proposal from being implemented by influencing a union vote.

According to Bell, implementation of his proposal would have stopped theft of overtime pay that occurred as a result of preferential overtime job assignments being sometimes given to or saved for more preferred officers.  Further, union members threatened officers in the workplace not to report the overtime hiring corruption.  Plaintiff also details incidents which took place at defendants' union meetings and events.

Bell filed two contract grievances with NYSCOPBA.  Following the Step 2 hearings (agency level hearings) on both contract grievances, DOCCS denied the grievances.

---

[4] For reasons explained below, the following factual allegations are drawn from plaintiff's proposed amended complaint, ECF No. 45–2, and are assumed true for purposes of resolving defendants' motions to dismiss.

NYSCOPBA then advised plaintiff that it would not further pursue the grievances on his behalf because there was no contractual provision which permitted NYSCOPBA to unilaterally impose a membership-driven overtime labor management agreement upon DOCCS.

Plaintiff also filed three complaints with the New York State Public Employment Relations Board which, according to Bell, were wrongfully rejected for deficiencies.

## III. <u>LEGAL STANDARDS</u>

### A. <u>Motion to Amend</u>

Where, as here, "a plaintiff seeks to amend [the] complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" <u>Hamzik v. Office for People with Dev. Disabilities</u>, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012) (quoting <u>Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.</u>, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)).

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Bell's amended complaint, ECF No. 45–2, adds three new defendants:  Scott Feldt, Troy Miller, and Tim Allen, all in their capacities as DOCCS employees.  Plaintiff alleges

these individuals engaged in acts of harassment, discrimination, and retaliation beyond those included in the initial complaint.  Bell also seeks to clarify his claims by adding and removing language throughout the amended complaint and by re-naming several of the claims from his original complaint.  He has also added seven additional claims, bringing the total to 19 causes of action. The amended complaint spans 144 pages, a marked increase from his initial 86 page complaint.

### B. Amended Complaint

The amended complaint includes the following causes of action:  (1) breach of contract (neglect to ensure equal overtime distribution), against all defendants except Hewko, Patnode, and Gray; (2) breach of contract (tortious interference), against all defendants; (3) 42 U.S.C. § 1983, violation of the Equal Protection Clause of the Fourteenth Amendment, against all defendants; (4) New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") 214-5, against defendants Bell and Harper only; (5) 42 U.S.C. § 1985(2) and (3) conspiracy to interfere with civil rights and the Fourteenth Amendment, against all defendants; (6) 42 U.S.C. § 1985(2) and (3) civil rights and the Fourteenth Amendment, conspiracy to retaliate against plaintiff, against all defendants; (7) Public Employees Fair Employment Act, no local NYSCOPBA union representative elections, against defendants NYSCOPBA, Powers, Fredericks, Bleu, Pike, and Aldous; (8) Public Employees Fair Employment Act, deprivation of local NYSCOPBA union meetings, against defendants NYSCOPBA, Powers, Fredericks, Bleu, Pike, and Aldous; (9) Public Employees Fair Employment Act, alcoholic beverages at NYSCOPBA meetings, against defendants NYSCOPBA, Powers, Fredericks, Bleu, Pike, and Aldous; (10) First and Fourteenth Amendment violations, retaliation, against all defendants; (11) N.Y. Civil Service Law Article 14 Public Employees Fair Employment Act (failure to

represent) (failure to adhere to act), against all defendants except Gray, Hewko, Patnode, and Clary; (12) 42 U.S.C. § 1983 deprivation of constitutional rights, against all defendants; (13) 42 U.S.C. § 1983 First and Fourteenth Amendment violations, freedom of speech or expression[5]; (14) Title VII and Fourteenth Amendment violations[6]; (15) breach of fiduciary duty and constructive fraud, against all defendants; (16) N.Y.C.P.L.R. 214-5 (personal injury), against all defendants; (17) N.Y.C.P.L.R. 214-3, 214-4 (personal injury to property), against all defendants; (18) 42 U.S.C. § 1983, N.Y.C.P.L.R. 155 larceny, embezzlement, 18 U.S.C. Chapter 31 (641, 653, 654) embezzlement, theft, conversion, against defendants Rabsatt, McAuliffe, and Caldwell; and (19) Fair Labor Standards Act ("FLSA") violation, against all defendants.

Defendants collectively contend plaintiff's motion to amend should be denied, since "it is well established that leave to amend a complaint need not be granted where amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). Defendants argue that plaintiff's proposed amendments neither cure the deficiencies in his original complaint, nor set forth new viable causes of action. However, beyond their futility argument, defendants have offered no other basis—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice—which might justify denial of Bell's request to amend. Accordingly, plaintiff's motion to amend will be granted in that the allegations in the amended complaint will be analyzed to determine whether one or more of the causes of action must be dismissed as futile.

---

[5] Plaintiff does not specify which defendants this cause of action is asserted against.

[6] Plaintiff does not specify which defendants this cause of action is asserted against.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) ("The standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

### C. Motions to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief', Fed. R. Civ. P. 8(A)(2), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.). In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or

incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV. DISCUSSION

### A. Initial Issues

### 1. Pro se Plaintiff

At the outset, a few things bear mention.  First, even though it is not obvious from the logically organized and clearly written though verbose nature of his submissions, Bell is proceeding without the benefit of a lawyer, a state of affairs that entitles him to a certain measure of latitude here.  As the Second Circuit has repeatedly explained, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "'This is particularly so when the pro se plaintiff alleges that h[is] civil rights have been violated.'" Id. (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008)).[7]

It is also noted that Bell has specified, in all but two causes of action, which claims are asserted against which defendants.  The majority of plaintiff's claims are asserted against all defendants; for the two that Bell does not specify defendants, it is assumed for purposes of this discussion that he intended to name all defendants.  Moreover, in several causes of

---

[7] However, "all normal rules of pleading are not absolutely suspended" when a plaintiff is proceeding pro se. Jackson v. Onondaga Cty., 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) (McAvoy, J.) (internal quotations and footnote omitted).  Even a pro se plaintiff must plead sufficient factual allegations to suggest an entitlement to relief. See id.  Simply put, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.

action, Bell alleges violations of multiple statutes or amendments; those causes of action will therefore be analyzed in multiple sections below.

### 2. <u>Sovereign Immunity</u>

The Eleventh Amendment "bars suits in federal court against a state or its agencies, unless the state has waived immunity to suit or Congress has validly abrogated its immunity." <u>Keitt v. New York City</u>, 882 F. Supp. 2d 412, 447 (S.D.N.Y. 2011) (citing <u>Huang v. Johnson</u>, 251 F3d 65, 69–70 (2d Cir. 2001)); <u>see also</u> <u>Feingold v. New York</u>, 366 F.3d 138, 140 (2d Cir. 2004).  Accordingly, the Eleventh Amendment bars federal claims against state agencies, including DOCCS, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  <u>Id</u>. at 447. Therefore, plaintiff's <u>third</u>, <u>fifth</u>, <u>sixth</u>, <u>tenth</u>, <u>twelfth</u>, <u>thirteenth</u>, and <u>fourteenth</u> (that portion asserted under the Fourteenth Amendment) causes of action against DOCCS cannot proceed.

Plaintiff's claims against the other State defendants in their official capacities under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for money damages are also barred by the Eleventh Amendment.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, plaintiff cannot maintain the <u>third</u>, <u>fifth</u>, <u>sixth</u>, <u>tenth</u>, <u>twelfth</u>, <u>thirteenth</u>, and <u>fourteenth</u> (that portion asserted under the Fourteenth Amendment) causes of action against State defendants Annucci, Caldwell, Rabsatt, McAuliffe, Sovie, O'Gorman, J. Bell, Clary, Garabrandt, Patnode, and Gray in so far as plaintiff seeks money damages against them in their official capacities. Additionally, the <u>eighteenth</u> (that portion asserted under § 1983) cause of action is also barred as against defendants Rabsatt, McAuliffe, and Caldwell in so far as plaintiff seeks money damages against them in their official capacities.

Finally, Congress did not, in enacting the FLSA, abrogate state sovereign immunity.
N.Y.S. Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y., 25 F. Supp. 3d 459, 465
(S.D.N.Y. 2014).  The State of New York has not consented to be subject to the FLSA or
otherwise waived its immunity from suits under that statute in the federal courts.  Id. at 466.
Accordingly, the nineteenth cause of action cannot proceed against DOCCS and State
defendants Annucci, Caldwell, Rabsatt, McAuliffe, Sovie, O'Gorman, J. Bell, Clary,
Garabrandt, Patnode, and Gray in so far as plaintiff seeks money damages against them in
their official capacities.

Additionally, since Eleventh Amendment immunity "bars [p]laintiffs from bringing any
damages claims against the state [or] its agencies . . . ," plaintiff's state law claims against
DOCCS are also barred.  Hensler v. N.Y.S. Dep't of Envtl. Conservation, No. 16-CV-3445,
2017 WL 2589311, n.4 (E.D.N.Y. June 14, 2017).  Therefore, plaintiff's first, second,
eleventh, fifteenth, sixteenth, and seventeenth causes of action against DOCCS are barred.

Likewise, Bell's state law claims against the other State defendants in their official
capacities for money damages are also barred by the Eleventh Amendment.  Thus plaintiff
cannot proceed with the first, second, eleventh, fifteenth, sixteenth, and seventeenth causes
of action as against State defendants Annucci, Caldwell, Rabsatt, McAuliffe, Sovie,
O'Gorman, J. Bell, Clary, Garabrandt, Patnode, and Gray in so far as plaintiff seeks money
damages against them in their official capacities.  Additionally, the eighteenth cause of action
(that portion asserted under N.Y.C.P.L.R.) is barred as against defendants Rabsatt,
McAuliffe, and Caldwell in so far as plaintiff seeks money damages against them in their
official capacities.  Finally, the fourth cause of action cannot proceed against State defendant
J. Bell in so far as plaintiff seeks money damages against him in his official capacity.

### B. Federal Claims

### 1. 42 U.S.C. § 1983

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).  However, "[s]ection 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).  Thus, a § 1983 claim requires a plaintiff to show (1) the deprivation of a right, privilege, or immunity secured by the Constitution and its laws by (2) a person acting under the color of state law. 42 U.S.C. § 1983.

#### a. State Actors

In order to state a claim under § 1983, plaintiff must allege that he was injured by either a state actor or a private party acting under the color of state law.  See Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002).  However, there is no claim that NYSCOPBA, as the union, or the individually named NYSCOPBA defendants, acted under color of state law.  Rather, Bell alleges NYSCOPBA is the certified bargaining unit for all correctional officers employed by DOCCS, of which he was a dues paying member during his employment at RCF.  The named NYSCOPBA defendants are all past or present union officers.

Indeed, labor unions generally are not state actors.  Id.  The fact that NYSCOPBA represents public employees does not make it a state actor.  Marrero v. City of N.Y., No. 02 CIV. 6634, 2003 WL 1621921, at *4 (S.D.N.Y.  Mar. 28, 2003).  Nor does the amended complaint contain any allegation that NYSCOPBA—a private party—was acting under color

of state law.  Accordingly, the NYSCOPBA defendants, acting in their capacity as union stewards, did not act under color of state law and Bell cannot assert § 1983 claims against them.

### b. **Personal Involvement**

Further, in order to be held liable for one or more of Bell's § 1983 civil rights claims, each defendant must have been personally involved in each alleged constitutional violation. See, e.g., Odom v. Matteo, 772 F. Supp. 2d 377, 403 (D. Conn. 2011) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Section 1983 prohibits imputing liability on the basis of a respondeat superior theory. See, e.g., Elek v. Inc. Vill. of Monroe, 815 F. Supp. 2d 901, 806 (S.D.N.Y. 2011) ("Supervisory liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."). Therefore, a supervisor cannot be liable for damages under § 1983 solely by virtue of being a supervisor.

Within the correctional context, "proof of linkage in the prison chain of command is insufficient.  Absent some personal involvement by an official in the allegedly unlawful conduct of his subordinates, he cannot be liable under section 1983." Walker v. Schriro, No. 11 Civ. 9299, 2013 WL 1234930, at *15 (S.D.N.Y. Mar. 26, 2013) (internal quotations, citations, and alteration omitted).  Therefore, "[a] defendant's status as warden or commissioner of a prison, standing alone, is thus insufficient to support a finding of supervisory liability." Id.  Similarly, merely "affirming the administrative denial of a prison inmate's grievance by a high-level official is insufficient to establish personal involvement under section 1983." Manley v. Mazzuca, No. 01 Civ. 5178, 2007 WL 162476, at *10

- 14 -

(S.D.N.Y. Jan.19, 2007).  "Broad, conclusory allegations that a high-ranking defendant was informed of an incident are also insufficient." Gonzalez v. Sarreck, No. 08 Civ. 3661, 2011 WL 5051341, at *14 (S.D.N.Y. Oct. 24, 2011).

Instead, "[t]he personal involvement of a supervisory defendant may be shown by evidence that:  (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [others] by failing to act on information indicating that unconstitutional acts were occurring." Ruggiero v. City of Cortland, No. 5:17-CV-790, 2018 WL 5983505, at *6 (N.D.N.Y. Nov. 14, 2018) (internal quotations omitted).

Plaintiff has failed to allege that at least four of the State defendants were personally involved in alleged violations of his civil rights.  For this reason, Bell cannot proceed with his § 1983 claims against:  Annucci, O'Gorman, Rabsatt, and McAuliffe.  With respect to Annucci, Commissioner of DOCCS, Bell wrote him a letter regarding the alleged unfair distribution of overtime at RCF and the refusal of RCF management to negotiate a new agreement.  Annucci responded to Bell that the issues raised in his letter were union issues that should be raised at local union meetings.  Annucci's response letter is insufficient to impute § 1983 liability because plaintiff's letter to him did not involve an ongoing constitutional violation.

As to defendant O'Gorman, Deputy Director of DOCCS Bureau of Labor Relations, Bell alleges she failed to timely address his grievance on behalf of the "New York State Labor Relations Department."  These allegations fail to allege that O'Gorman was personally involved in any action or inaction sufficient to state a constitutional claim.

Finally, with respect to Superintendents Rabsatt and McAuliffe, Bell alleges they negligently failed to make sure that overtime at RCF was equally and fairly distributed. These claims are insufficient to allege personal involvement against these defendants.  The amended complaint lacks facts which, if true, would show that they participated directly in the alleged violations, knew about violations and failed to remedy them; created a policy or custom or allowed one to continue which resulted in the violations, were grossly negligent in supervising subordinates committing the violations, or knew and failed to act on information that the violations were taking place.

### c. Third Claim:  14th Amendment Equal Protection

In the third cause of action, brought pursuant to 42 U.S.C. § 1983, plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment.  Bell brings this claim against all defendants.  He alleges defendants collectively participated in and/or authorized the denial of his union rights, contractual rights, lawful rights, and equal protection of the law by refusing to adopt his proposed overtime system.  All defendants argue Bell has failed to plead any individual defendant treated plaintiff differently than any other similarly situated individual.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any persons within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  This constitutional provision is "essentially a direction that all persons

- 16 -

similarly situated be treated alike."  <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S.

432, 439 (1985).  "There are a number of common methods for pleading an equal protection

claim."  <u>Kisembo v. N.Y.S. Office of Children & Family Servs.</u>, 285 F. Supp. 3d 509, 523

(N.D.N.Y. 2018).

     First, "[a] plaintiff could point to a law or policy that 'expressly classifies persons on the

basis of race.'"  <u>Floyd v. City of N.Y.</u>, 959 F. Supp. 2d 540, 570 (S.D.N.Y. 2013) (quoting

<u>Brown v. City of Oneida</u>, 221 F.3d 329, 337 (2d Cir. 1999)).  Second, "a plaintiff could identify

a facially neutral law or policy that has been applied in an intentionally discriminatory

manner."  <u>Brown</u>, 221 F.3d at 337.  Third, "[a] plaintiff could also allege that a facially neutral

statute or policy has an adverse effect and that it was motivated by discriminatory animus."

<u>Floyd</u>, 959 F. Supp. 2d at 570 (internal quotations omitted).

     Bell is not a member of an inherently suspect or vulnerable class and therefore these

first three theories of relief are inapplicable to his claims.  Nor has plaintiff even attempted to

plead a "class of one" claim.  <u>See, e.g.</u>, <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562 (2000).

     A "class of one" claim requires, in part, a showing of similarly situated individuals or

groups who were treated differently."  <u>Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills</u>,

815 F. Supp. 2d 679, 693 (S.D.N.Y. 2011).  For the first time in his amended complaint, Bell

contends that defendants discriminated against him because of his national origin, in that he

*lives* in Canada.  However, he has made no allegations that he was treated differently than

any other individuals, Canadian or otherwise.  Instead, Bell alleges defendants neglected and

intentionally refused to ensure RCF correctional officer overtime hours were equally

distributed.  He alleges that he, and he alone, developed an overtime scheduling proposal

that was not approved or implemented.  There are no allegations that any of the defendants

treated plaintiff differently than any other similarly situated individual.

Accordingly, Bell's <u>third</u> cause of action alleging an Equal Protection violation will be

dismissed.

### d.  <u>Fifth, Sixth, and Eighteenth Claims</u>:  <u>14th Amendment Due Process</u>

In the <u>fifth</u> and <u>sixth</u> causes of action,[8] brought pursuant to 42 U.S.C. § 1983, plaintiff

alleges a violation of the Due Process Clause of the Fourteenth Amendment.  Bell brings

these claims against all defendants.  In his <u>eighteenth</u> cause of action,[9] plaintiff cites 42

U.S.C. § 1983 but does not specify an amendment; after review, this cause of action will be

construed as also asserting a due process claim.  Bell brings this claim against defendants

Rabsatt, McAuliffe, and Caldwell.  He alleges his due process rights were violated when he

was not given overtime he contends he was entitled to, and in turn, was not paid for that

(unworked) overtime for which he was entitled.  Defendants collectively argue plaintiff does

not have a protected property interest in working overtime.

Plaintiff fails to clearly indicate whether he is attempting to assert a procedural or a

substantive due process claim.  However, his assertion of a due process right to overtime

and the money therefrom suggests he is alleging a procedural due process violation.

The Fourteenth Amendment's Due Process Clause provides that "[n]o State shall . . .

deprive any person of life, liberty, or property, without due process of law."  U.S. Const.

amend. XIV, § 1.  The Due Process Clause thus "bars arbitrary, wrongful government

---

[8] In the <u>fifth</u> and <u>sixth</u> causes of action, Bell also alleges conspiracy to interfere with his civil rights.

[9] In the <u>eighteenth</u> cause of action, Bell also alleges larceny, embezzlement, theft, and conversion pursuant to federal and state law.

actions, and guarantees procedural fairness when a state action deprives a citizen of a protected interest in life, liberty, or property." Wiesner v. Rosenberger, No. 98-CV-1512, 1998 WL 695927, at *3 (S.D.N.Y. Oct. 6, 1998) (citing Daniels v. Williams, 474 U.S. 327, 330–32 (1986)).  "The fundamental requirement of the Due Process Clause is that an individual be given the opportunity to be heard at a meaningful time and in a meaningful manner." Patterson v. City of Utica, 370 F.3d 322, 336 (2d Cir. 2004) (internal quotations omitted).

To successfully state a denial of due process claim under 42 U.S.C. § 1983, "a plaintiff must first identify a property right, second show that the government has deprived him of that right, and third show that the deprivation was effected without due process." J.S. v. T'Kach, 714 F.3d 99, 105 (2d Cir. 2013) (internal quotations and emphasis omitted).  Bell contends he has a property right to compensation for overtime work.  However, by plaintiff's own admission, the compensation is for overtime work which he did not perform.  Instead, he contends it is overtime work for which he is entitled to work.  Yet, the CBA here in no way guarantees that correctional officers will receive overtime pay.   Article 15 of the CBA sets forth detailed provisions concerning voluntary overtime, including payment and assignment of overtime, but nowhere does it provide that any officer has an outright entitlement to overtime.

The essence of plaintiff's claim is that he was deprived of opportunities to earn extra pay by working overtime.  As explained above, however, the CBA does not give rise to a legitimate expectation of receiving such pay, and due process claims based on the loss of such additional pay or benefits, beyond an employee's base pay, have routinely been rejected by the courts.  See, e.g., MacFall v. City of Rochester, 746 F. Supp. 2d 474, 484–85 (W.D.N.Y. 2010), aff'd, 495 F. App'x 158 (2d Cir. 2012) (summary order); Zahrey v. City of

N.Y., No. 98–4546, 2009 WL 54495, at *28 (S.D.N.Y. Jan. 7, 2009) (noting that "courts have rejected . . . claims for economic loss from missed raises, loss of private duty jobs, loss of promotional opportunities, and loss of over-time") (internal quotations omitted), amended on other grounds, 2009 WL 1024261 (S.D.N.Y. Apr. 15, 2009).

For these reasons, plaintiff has failed to allege sufficient facts to show he had a protected property interest.  Thus, there is no need to reach the second prong of the analysis regarding any deprivation or process due.  Bell cannot proceed with his procedural due process claim.

Therefore, plaintiff's fifth, sixth, and eighteenth causes of action, to the extent they assert Fourteenth Amendment Due Process violations, will be dismissed.

### e.  Tenth and Thirteenth Claims:  First Amendment Retaliation

In the tenth and thirteenth causes of action,[10] plaintiff alleges retaliation in violation of the First Amendment.  Bell brings the tenth claim against all defendants but does not specify defendants in the thirteenth claim.  He contends he complained to his union and supervisors that overtime shifts at RCF were assigned unequally and/or based on favoritism.  Bell also distributed newsletters to his fellow correctional officers regarding his proposed voluntary overtime system.  He contends he was retaliated against for engaging in this speech.  Defendants argue Bell has failed to allege that he engaged in activity protected by the First Amendment.

---

[10]  The tenth and thirteenth causes of action also cite the Fourteenth Amendment but such viability will not be discussed here because the facts underlying these causes of action support a claim of retaliation under the First Amendment.  In any event, any possible claims under the Fourteenth Amendment are discussed elsewhere in this Memorandum-Decision and Order.

In order to state a First Amendment retaliation claim, a public employee must allege: (1) he engaged in speech that was constitutionally protected; (2) he suffered an adverse employment action; and (3) there existed a causal connection between the protected speech and the adverse employment action, such that it could be inferred that the speech was a "motivating factor" in the employment action.  See Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 152 (2d Cir. 2006).

"Whether speech by a public employee is protected from retaliation under the First Amendment begins with this question:  'whether the employee spoke as a citizen on a matter of public concern.'  If a public employee speaks not as a citizen but instead pursuant to his or her 'official duties,' an employer's response to that speech does not violate the First Amendment."  Huth v. Haslun, 598 F.3d 70, 73–74 (2d Cir. 2010) (quoting Garcetti v. Ceballos, 547 U.S. 410, 418, 421, 424 (2006)).

"Whether or not speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record, and while motive surely may be one factor in making this determination, it is not, standing alone, dispositive or conclusive."  Sousa v. Roque, 578 F.3d 164, 175 (2d Cir. 2009) (internal citation and quotations omitted).  "The heart of the matter is whether the employee's speech was calculated to redress personal grievances or whether it had a broader public purpose."  Ruotolo v. City of N.Y., 514 F.3d 184, 189 (2d Cir. 2008) (internal quotations omitted).

"[T]he First Amendment does not protect all private ventings of disgruntled public employees."  Singer v. Ferro, 711 F.3d 334, 340 (2d Cir. 2013).  To the contrary, an employee's complaints about scheduling and overtime pay are not matters of public concern; such claims are the quintessential employee grievance not protected by the First

Amendment.  See, e.g., Adams v. N.Y.S. Educ. Dep't, 705 F. Supp. 2d 298, 302–03 (S.D.N.Y. 2010) (finding plaintiff's speech not protected by the First Amendment because it "concerned personal grievances expressed as employees generally relating to their official duties, work schedules, working conditions, or employer administrative policies and internal operations").

By contrast, matters concerning public safety and the purported adequacy and function of entities entrusted with protecting that safety *are* the type of speech courts have held to be related to matters of public concern.  See Gorman–Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545, n.4 (2d Cir. 2001) ("Plaintiffs' . . . speech focused on the safety of young children at horse shows involving 4–H, a matter of public concern."); Gusler v. City of Long Beach, 823 F. Supp. 2d 98, 125 (E.D.N.Y. 2011) (finding plaintiff firefighter's speech was protected because it was motivated, at least in part, by a desire to protect the public from what he viewed as an insufficient firefighting force); Scheiner v. N.Y.C. Health & Hospitals, 152 F. Supp. 2d 487, 496 (S.D.N.Y. 2001) (holding that physicians statements regarding conditions at public hospital were matters of public concern because they related to issues of public health, safety, and the administration of public resources).

Bell's attempt at bootstraping his unprotected speech to issues of corruption and theft in a public institution does not save his claim.  He contends that corrupt officers prevented his overtime proposal from being implemented and that his proposal would have stopped alleged theft of overtime pay due to preferential overtime job assignments.  However, as the Second Circuit has noted, "[a] public employee may not transform a personal grievance into a matter of public concern by invoking a supposed popular interest in the way public

institutions are run." <u>Ruotolo</u>, 514 F.3d at 190 (citing <u>Boyce v. Andrew</u>, 510 F.3d 1333, 1343 (11th Cir. 2007)).  Similarly, "[a] generalized public interest in the fair or proper treatment of public employees is not enough" to transform a personal grievance related to the conditions of one's employment into a matter of public concern.  <u>Golodner v. Berliner</u>, 770 F.3d 196, 204 (2d Cir. 2014) (citing <u>Ruotolo</u>, 514 F.3d at 190).

Plaintiff's amended complaint fails to allege that he engaged in protected speech.  As a public employee, he fails to satisfy the requirement that he spoke as a citizen on a matter of public concern.  Instead, he alleges only that he made complaints, as an employee at RCF, about overtime scheduling at RCF.  Because Bell's speech regarding his overtime proposal concerns essentially personal grievances and a disagreement with the system in place, the speech was not on a matter of public concern.  Accordingly, he has failed to allege that he engaged in activity protected by the First Amendment.

Therefore, plaintiff's <u>tenth</u> and <u>thirteenth</u> causes of action alleging First Amendment retaliation will be dismissed.

### f.  Twelfth Claim:  "42 U.S.C. § 1983"

The <u>twelfth</u> cause of action, brought pursuant to 42 U.S.C. § 1983 and asserted against all defendants, fails to identify any constitutional provision that defendants have allegedly violated.  As set forth in other sections of this Memorandum-Decision and Order, plaintiff has not pleaded an equal protection, due process, nor First Amendment claim.  Bell has alleged nothing unique in this cause of action that is not addressed elsewhere in his amended complaint.  This claim, like the 18 others, is premised around the contention that plaintiff was not allowed to work his proportionate share of voluntary overtime.  As explained

throughout this discussion, Bell does not have a protected property interest in working overtime.

Accordingly, plaintiff's <u>twelfth</u> cause of action asserting an unspecified § 1983 claim will be dismissed.

**2.  <u>Fifth and Sixth Claims</u>:  42 U.S.C. § 1985**

In the <u>fifth</u> and <u>sixth</u> causes of action,[11] brought pursuant to 42 U.S.C. § 1985(2) and (3), plaintiff alleges a conspiracy to interfere with his civil rights.  Bell brings this claim against all defendants.  He alleges two different conspiracies:  a conspiracy to retaliate against him for the exercise of his First Amendment rights and a conspiracy to deny him his Fourteenth Amendment rights of due process and equal protection.  Defendants collectively argue Bell fails to allege a class-based racial or otherwise discriminatory animus.  Further, the State defendants contend plaintiff's claims are barred by the intra-corporate conspiracy doctrine. The NYSCOPBA defendants additionally argue Bell has failed to plead the existence of a conspiracy.

"42 U.S.C. § 1985 was enacted as part of the Civil Rights Act of 1861, 'which is commonly referred to as the Ku Klux Klan Act.'"  <u>Empire Merchants, LLC v. Reliable Churchill LLP</u>, No. 16-CV-5226, 2017 WL 7512900, at *8 (E.D.N.Y. Jan. 30, 2017) (quoting <u>Keating v. Carey</u>, 706 F.3d 377, 389 (2d Cir. 1983)).  "One of the protections provided by the statute to '[t]hose harassed and threatened by rampant vigilantism, notably blacks and black supporters in the South . . . , [was] a remedy to vindicate their civil rights' by assuring that those '[g]roups threatened by the wave of racial/political violence . . . [had] access to the

---

[11]  As previously noted, in the <u>fifth</u> and <u>sixth</u> causes of action, Bell also alleges a Fourteenth Amendment due process violation.

courts.'"  Id.  "To that end, the Act 'proscribed conspiracies that interfere with . . . the administration of justice in federal courts.'"  Id. (quoting Kush v. Rutledge, 460 U.S. 719, 724 (1983)).

First, Bell's § 1985(2) claim fails, since he does not allege he was either a party or a witness to a pending matter in federal court at the time he brought this civil rights action. See, e.g., Ruggiero, 2018 WL 5983505, at *9, n.6.

Next, "[t]o state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States."  Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).  Further, "the complaint must allege that the plaintiff is a member of a protected class or that he was injured as a result of racial or other class-based" discrimination.  Anghel v. N.Y.S. Dep't of Health, 947 F. Supp. 2d 284, 303 (E.D.N.Y. 2013).

Even if Bell could satisfy the initial four elements of a § 1985 conspiracy, he has failed to plausibly allege that any alleged conspiratorial misconduct stems from the kind of "racial or other class-based" animus required by controlling federal law.  See, e.g., Pravda v. City of Albany, 956 F. Supp. 174, 180 (N.D.N.Y. 1997) (Scullin, J.) ("It is well settled that a plaintiff attempting to establish a claim under . . . § 1985(3) must demonstrate that the Defendant under consideration acted with class-based invidiously discriminatory animus.").  Plaintiff fails to allege that he is a member of a suspect or quasi-suspect class.  Instead, he alleges that he is someone whose overtime scheduling proposal was not accepted or implemented by the union.  Such allegations fail to satisfy the requirements of a claim under § 1985(3).

Accordingly, plaintiff's <u>fifth</u> and <u>sixth</u> causes of action alleging civil rights conspiracies pursuant to § 1985 will be dismissed.

### 3. **Fourteenth Claim:** **Title VII**

In the <u>fourteenth</u> cause of action,[12] brought pursuant to Title VII, plaintiff alleges defendants discriminated against him because his is a member of a protected class;  i.e., those who maintain residencies in Canada.  It is assumed for purposes of this discussion that Bell brings this claim against all defendants.  Defendants collectively argue plaintiff is not in a protected class.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on a protected characteristic.  <u>Id</u>. § 2000e-2.  The statute prohibits discrimination due to the protected characteristics of  "race, color, religion, sex, or national origin."  <u>Id</u>.

"At the pleadings stage, Title VII 'requires a plaintiff asserting a discrimination claim to allege two elements:  (1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin.'"  <u>Rowe v. N.Y.S. Dep't of Tax & Fin.</u>, No. 1:17-CV-1390, 2018 WL 3384429, at *5 (N.D.N.Y. July 10, 2018) (quoting <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 85 (2d Cir. 2015)).

---

[12]  As previously noted, in the <u>fourteenth</u> cause of action, Bell also alleges a Fourteenth Amendment violation.

Bell has failed to allege that he is in a protected class.  Being a Canadian resident does not constitute membership in a protected class.  Accordingly, his Title VII claim fails at the outset and there is no need to consider the remaining elements of a Title VII claim.

Therefore, plaintiff's <u>fourteenth</u> cause of action, to the extent it asserts a Title VII claim, will be dismissed.

### 4.  <u>Eighteenth Claim</u>:  <u>18 U.S.C. §§ 641, 653, and 654</u>

In the <u>eighteenth</u> cause of action, brought pursuant to 18 U.S.C. §§ 641, 653, and 654, plaintiff alleges defendants stole, embezzled, or converted money by refusing to assign overtime in the manner he prefers.  He contends he suffered the loss of overtime money as he did not want to become involved in the illegal wrongful actions within RCF.  He alleges defendant Caldwell was responsible for ensuring that theft did not take place within RCF and further that defendants Rabsatt, McAuliffe, and Caldwell wrongfully withheld overtime money and then illegally converted it.  Defendants argue plaintiff cannot maintain a private cause of action under this statute.

Sections 641, 653 and 654 are federal criminal statutes.  Section 641 criminalizes embezzlement of public funds.  This claim fails as a matter of law because the statute provides no basis for civil liability.  <u>See, e.g.</u>, <u>Byvalets v. N.Y.C. Hous. Auth.</u>, No. 16–CV–6785, 2017 WL 7793638, n.9 (E.D.N.Y. July 28, 2017), report and recommendation adopted, 2018 WL 1067732 (E.D.N.Y. Feb. 23, 2018) (citing <u>Davis v. N.Y.C. Dep't/Bd. of Educ.</u>, No. 14 CV 2281, 2015 WL 5772204, at *2, 3 (E.D.N.Y. Sept. 29, 2015)).  Section 653 makes it a crime for an authorized disbursing officer to misuse or convert public money to his own use and § 654 criminalizes an officer or employee of the United States converting the

property of another.  Plaintiff has not cited any authority which would support implying a private right of action for violation of these latter two sections.

Therefore, plaintiff's <u>eighteenth</u> cause of action alleging violations of 18 U.S.C. §§ 641, 653, and 654 will be dismissed.

### 5.  <u>Nineteenth Claim</u>:  <u>Fair Labor Standards Act</u>

In the <u>nineteenth</u> cause of action, brought pursuant to the FLSA, plaintiff alleges defendants violated his rights under the Fair Labor Standards Act because they did not pay him overtime money.  Bell brings this claim against all defendants.  Defendants collectively argue plaintiff fails to state a claim because there is no work for which he has not been paid.

The FLSA, 29 U.S.C. § 203 et seq., is a United States labor law that creates the right to a minimum wage and time-and-a-half overtime pay when people work over 40 hours in a week.  Plaintiff has not cited any specific provision of the statute nor made a claim that he was not paid minimum wage or not paid time-and-a-half overtime pay when working in excess of 40 hours a week.  Instead, the gist of this claim is that defendants violated the FLSA because Bell was not paid for overtime work which he wanted to work, but was not given the opportunity to work.  This claim defies logic.

Accordingly, plaintiff's <u>nineteenth</u> cause of action alleging a FLSA violation will be dismissed.

### C.  <u>State Claims</u>

Plaintiff has pleaded the following state law causes of action:  first, breach of the duty of fair representation; second, breach of contract/tortious interference; fourth, personal injury; seventh, New York Civil Service Law Article 14 (the "Taylor Law"); eighth, Taylor Law; ninth, Taylor Law; eleventh, Taylor Law;  fifteenth, breach of fiduciary duty; sixteenth, intentional

infliction of emotional harm; seventeenth, property injury; and eighteenth, embezzlement, theft, and conversion.

"Where, as here, a plaintiff's federal claims will be dismissed before trial, a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances." B.A. v. City of Schenectady Sch. Dist., 209 F. Supp. 3d 515, 528 (N.D.N.Y. 2016).  There are no exceptional circumstances present in this case that might warrant a different conclusion.  Because defendants' motions to dismiss will be granted as to the federal claims, the continued exercise of supplemental jurisdiction over Bell's state law claims will be declined.  See 28 U.S.C. § 1367(c)(3).

There is no need to consider the remaining arguments.

## V.  **CONCLUSION**

Therefore, it is

ORDERED that

1.  Plaintiff Randy R. Bell's motion to amend, ECF No. 45, is GRANTED and the amended complaint accepted for review;

2.  The NYSCOPBA defendants' motion to dismiss, ECF No. 26, pursuant to Rule 12(b)(1) & (6) is GRANTED in part and DENIED in part as moot;

3.  The State defendants' motion to dismiss, ECF No. 37, pursuant to Rule 12(b)(1) & (6) is GRANTED in part and DENIED in part as moot;

4.  Defendants' motions to dismiss are GRANTED as to all federal claims in the amended complaint and those claims DISMISSED including:

       a.  the third cause of action alleging an equal protection violation;

       b.  the fifth and sixth causes of action alleging civil rights conspiracies;

c.  the <u>fifth</u>, <u>sixth</u>, and <u>eighteenth</u> causes of action to the extent they allege due process violations;

d.  the <u>tenth</u> and <u>thirteenth</u> causes of action alleging First Amendment retaliation;

e.  the <u>twelfth</u> cause of action alleging an unspecified 42 U.S.C. § 1983 violation;

f.  the <u>fourteenth</u> cause of action to the extent it alleges a Title VII violation;

g.  the <u>eighteenth</u> cause of action alleging violations of 18 U.S.C. §§ 641, 653, and 654; and

h.  the <u>nineteenth</u> cause of action alleging a FLSA violation;

5.  Defendants' motions to dismiss are DENIED without prejudice as to all state law claims in the amended complaint;

6.  Supplemental jurisdiction is DECLINED over all state law claims in the amended complaint including:

a.  the first cause of action alleging breach of the duty of fair representation;

b.  the second cause of action alleging breach of contract/tortious interference;

c.  the fourth cause of action alleging personal injury;

d.  the seventh cause of action alleging a Taylor Law violation;

e.  the eighth cause of action alleging a Taylor Law violation;

f.  the ninth cause of action alleging a Taylor Law violation;

g.  the <u>eleventh</u> cause of action alleging a Taylor Law violation;

h.  the fifteenth cause of action alleging breach of fiduciary duty;

i.  the sixteenth cause of action alleging intentional infliction of emotional harm;

    j.  the seventeenth cause of action alleging property injury; and

    k.  the eighteenth cause of action alleging embezzlement, theft, and

conversion; and

7.  The Clerk is directed to enter judgment accordingly and close the file.

    IT IS SO ORDERED.

_____
United States District Judge

Dated:  March 22, 2019
        Utica, New York.